UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ANTHONY WILLIAMS,

                Plaintiff,

    v.

SHERYL STRANGE,

                Defendant.

Case No. C22-5006-JCC-MLP

REPORT AND RECOMMENDATION

## I.  INTRODUCTION

This is a 42 U.S.C. § 1983 civil rights action. Plaintiff James Anthony Williams ("Plaintiff") is currently confined at the Monroe Correctional Complex – Intensive Management Unit ("MCC-IMU"). On February 3, 2022, Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action and a proposed complaint.[1] (Dkt.

---

[1] On January 6, 2022, Plaintiff filed his first application to proceed IFP. (Dkt. # 1.) That same day, the Clerk of Court advised Plaintiff that his submission was deficient due to his failure to submit a prison trust account statement showing transactions for the last six months. (Dkt. # 3.) On February 3, 2022, Plaintiff submitted his complaint with an itemized account statement, but not a prison trust account statement. (*See* dkt. # 4.) Plaintiff was again advised by the Clerk, on February 9, 2022, that his submission was deficient, and he was given until March 11, 2022 to correct the deficiency. (Dkt. # 5.) On March 12, 2022, Plaintiff filed a Motion to Waive Mandatory Copy of Prison Trust Account Statement based on his alleged inability to receive the Clerk's requested prison trust account statement from MCC-IMU officials. (Dkt. # 6.)

REPORT AND RECOMMENDATION - 1

# 4.) Plaintiff's proposed complaint alleges a violation of his Eighth Amendment rights by Washington Department of Corrections ("DOC") Secretary Sheryl Strange due to the manner of DOC's vehicle transport of him and where he is placed in the truck during transport. (*See* dkt. # 4-1 at 4-8.)

Having considered Plaintiff's submissions, the balance of the record, and the governing law, the Court recommends that Plaintiff's motion to proceed IFP (dkt. # 4) be DENIED, and that Plaintiff be directed to pay the entire filing fee in order to proceed with this action. As a result, the Court further recommends that Plaintiff's Motion to Waive Mandatory Copy of Prison Trust Account Statement (dkt. # 6) be DENIED as moot.

## II.   DISCUSSION

Plaintiff has filed at least three cases in this District that were dismissed as frivolous, or for failure to state a claim, and were counted as strikes pursuant to 28 U.S.C. § 1915(g). The Prison Litigation Reform Act's "'three-strikes' rule prohibits a prisoner from filing an action [IFP] if he has accumulated three 'strikes' for prior federal-court actions while incarcerated or in detention, unless he is 'under imminent danger of serious physical injury.'" *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1051 (9th Cir. 2016) (quoting 28 U.S.C. § 1915(g)). "A prisoner can incur a 'strike' for bringing an action 'that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)).

Relevant to this matter, on April 5, 2019, this Court issued a Report and Recommendation finding Plaintiff had incurred three strikes. *See Williams v. Sinclair*, C19-345-JCC, dkt. # 4 at 2-3 (W.D. Wash.); *see also id.*, dkt. # 5 (adopting Report and Recommendation). The Honorable S. Kate Vaughan more recently found that Plaintiff has also

incurred more than three strikes. *See Williams v. Doe, et al.*, C21-5887-DGE-SKV, dkt. # 5 at 4. In that case, Judge Vaughan noted that several of Plaintiff's other previously filed cases constituted strikes for either failing to state a claim or failing to amend deficient complaint submissions. *See id.* (citing *Williams v. Portine*, C11-1214-JCC (W.D. Wash.); *Williams v. Neely*, C15-489-BJR (W.D. Wash.); *Williams v. Collins*, C15-735-MJP (W.D. Wash.); *Williams v. Warner*, C17-5615-BHS (W.D. Wash.); *Williams v. Gage*, C17-6076-RBL (W.D. Wash.); *Williams v. Cogburn*, C17-6077-BHS (W.D. Wash.)).

Because Plaintiff has accumulated more than three strikes, he may only proceed IFP if his complaint contains "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (citations and internal quotations omitted); *see also id.* at 1050 n.11 (courts may reject assertions of imminent danger that are conclusory and overly speculative). To show a danger that is "imminent," a prisoner must plausibly allege that the danger is "ongoing," and is "ready to take place" or "hanging threateningly over his head." *Id.* at 1056. Additionally, the plaintiff must make specific or credible allegations showing the threat to them is real and proximate. *See id.* (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

Per his proposed complaint, it appears that Plaintiff takes exception to the manner in which he is transported by DOC between solitary confinement locations. (*See* dkt. # 4-1 at 4-8.) Specifically, Plaintiff alleges that the steel compartment in which he is placed while in DOC's transport truck makes him highly susceptible to injury or death should another vehicle collide with the truck because of a design flaw in the compartment. (*See id.*) Plaintiff claims that the compartment only offers about three inches of clearance on either side and that because it is

REPORT AND RECOMMENDATION - 3

located directly on the side of the transport truck, any T-bone collision to the transport truck would kill him. (*Id.* at 6-7.) Plaintiff alleges that he suffers from claustrophobic panic attacks as a result of having to be transported in the truck and that he has been told he will be transported by the truck "within the next few weeks," and thus is in imminent danger. (*Id.* at 8.)

In this case, the Court finds that Plaintiff has failed to plausibly allege "imminent danger" to proceed IFP. Plaintiff's allegations are conclusory and overly speculative as they are premised on the future potentiality that a vehicle might collide with the side of DOC's transport truck while he is confined during transport. Furthermore, Plaintiff has failed to plausibly allege that DOC's transport truck does in fact suffer from a design flaw such that it would make him more susceptible to injury during transport in the event of a collision, nor has he provided any other facts demonstrating that a collision of this nature has previously occurred. As previously noted, Plaintiff must demonstrate that the threat to himself remains real and proximate which he has not done. *See Andrews*, 493 F.3d at 1053. The Court therefore finds that the imminent danger exception does not apply, and that Plaintiff remains subject to the three-strikes rule.[2] *See Law v. Deputy Star*, 2015 WL 9257901, at *2 (N.D. Cal. Dec. 18, 2015) ("[T]he Ninth Circuit has recognized that courts may reject assertions of imminent danger that are conclusory and overly speculative.").

Accordingly, this Court concludes that Plaintiff is ineligible to file this lawsuit in federal court without paying the $350.00 filing fee plus a $52.00 administrative fee (for a total of $402.00).

---

[2] Should Plaintiff seek to proceed with this action, Plaintiff is advised that his proposed complaint fails to allege personal participation on behalf of DOC Secretary Strange, and therefore, is subject to dismissal on that basis. *See Monell v. Dep't of Social Servs., of City of New York*, 436 U.S. 658, 691-694 (1978). A supervisory defendant may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

REPORT AND RECOMMENDATION - 4

## III.   CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's IFP motion (dkt. # 4) be DENIED under 28 U.S.C. § 1915(g), that Plaintiff be directed to pay the filing fee within **thirty (30)** days of the date on which this Report and Recommendation is adopted, and that this action be terminated if Plaintiff fails to do so. The Court further recommends that Plaintiff's Motion to Waive Mandatory Copy of Prison Trust Account Statement (dkt. # 6) be DENIED as MOOT. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 15, 2022**.

The Clerk is directed to send copies of this Report and Recommendation to Plaintiff and to the Honorable John C. Coughenour.

Dated this 18th day of March, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5